United States District Court
Eastern District of Arkansas
Delta Division

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

NOV 3 0 2020

JAMES W. McCORMACK, CLERK
By:_____
                    DEP CLERK

John W. Frazier, Jr.,
Reg. #19124-033
Plaintiff, Pro Se

2020 NOV 30  A 10: 06

v.

Ryan Poynor
Michelle Wingo, et al.
Defendants

Case Number
4:20-cv-01193-JM-JJV
2:20-cv-215

Amended Complaint and
Demand for Jury Trial

**Amended Complaint for a Civil Case**

## I.    Parties to this Complaint

### A.    Plaintiff

John W. Frazier
Reg. #19124-033
Federal Correctional Complex Forrest City (Low Component)
1400 Dale Bumpers Road
Post Office Box 9000
Forrest City, Arkansas 72336

### B.    Defendants

Ryan Poynor, Assistant Health Services Administrator;
Michelle Wingo, Physician's Assistant;
Nwannem Obi-Okoye, M.D.;
Lu Juana Yates, Registered Nurse;
Brandon Wooten, Registered Nurse;
Rhonda Langley, Registered Nurse;
Kathy Cook, Registered Nurse;
Sheryl Phillips, Registered Nurse;
Sally Hill, Medical Technician;
W. Garbarini, Pharmacy;
H. Kapur, M.D.

All Defendants may be served at the following address:

Federal Correctional Complex Forrest City (Low Component)
1400 Dale Bumpers Road
Post Office Box 9000
Forrest City, Arkansas 72336

## II. **Basis for Jurisdiction**

Under 18 U.S.C. § 1331, and any and all other relevant and appropriate statutes, the jurisdiction for this complaint is a Federal Question.

### A.    Federal Question

This complaint arises from the Eighth Amendment to the United States Constitution, which prohibits cruel and unusual punishment.

## III. **Statement of Claim**

The Defendants are employees of the Federal Correctional Complex Forrest City (Low) ("FCC") in the Health Services Department.  As such, they have a duty of care to the inmates confined at FCC.  Their duty is to provide adequate, appropriate, and reasonable health care services to those in the custody of FCC.  In the case of Plaintiff Frazier, they have each, in their official capacity and in their individual capacity, have been deliberately indifferent to his unique medical needs, causing him serious and lasting harm, and thus they have each failed in their duty of care.  To wit:

- Frazier suffers from a medical condition known as Hidradenitis Supperativa ("HS"), which he has had for many years.  He was first diagnosed with this condition at age 21.  The HS was under control prior to his incarceration; since his incarceration began at FCC, he has suffered increasingly serious and painful flare ups.

- According to the Mayo Clinic, HS is a "skin condition that causes small, painful lumps to form under the skin...the lumps can break open, or tunnels can form under the skin,"[1]  HS "has a serious effect on quality of life, placing it among the most distressing conditions observed in dermatology."[2]

- Upon his intake at FCC, Frazier notified his Physician's Assistant, Michelle Wingo, and his primary care physician, Dr. Nwannem Obi-Okoye, of his condition. His medical record was updated to include HS on September 25, 2018.

- Exhibits A-Q, previously filed with this Honorable Court, will demonstrate the various efforts that Frazier has made to request, and even to beg, on occasion, Health Services at FCC, and the Defendants in their official and individual capacities, to provide him with effective treatment and care for his HS.  On many occasions, these requests have been met with deliberately indifferent responses and have fallen on the deaf ears of the Defendants.

---

1. "Hidradenitis supperativa," Mayo Clinic, https://www.mayoclinic.org/diseases-conditions/hidradenitis-supperativa/symptoms-causes/syc-20352306.
2. Guet-Revillet, et al., "Bacterial Pathogens Associated with Hidradenitis Supperativa, France," Emerg.Inf.Dis., https://www.ncb9.nlm.nih.gov/pmc/acticles/PMC4257786/ (Dec '14).

- Defendant Ryan Poynor is the Assistant Health Services Supervisor. As such he is charged with overseeing and managing the day-to-day activities of the department at FCC, with supervising staff, and with ensuring that policy is followed appropriately. In these duties, he has failed. In his official capacity, he has not effectively managed his staff, allowing them to ignore the desperate need of Frazier for medical care. When Frazier has petitioned him, via the informal and formal grievance procedures, he has offered no help, has been dismissive, and has obfuscated and evaded issues. In his individual capacity, he has been dismissive and arrogantly disrespectful of Frazier, and has been prejudicial in his responses to grievances, even going so far as to state that "all subsequent BP-9s will be denied". This defendant is being sued in both his official and individual capacities.

- Defendant Michelle Wingo is the Physician's Assistant assigned to Frazier. She is Frazier's primary caregiver. As such she has failed to provide reasonable and adequate care by maintaing treatments that she knows are not working (see Exhibits A-F, H). She has also failed to provide him with treatment that is timely by delaying his visits to a dermatologist, plastic surgeon and the MRI scan which has been prescribed for some time. These failures, officially and individually by Defendant Wingo have led to Frazier contracting Staph infection and necessitating an emergency visit to the Forrest City hospital. This defendant is being sued in both her official and individual capacities.

- Defendant Nwannem Obi-Okoye is the primary care physician assigned to Frazier. As such she has failed to provide adequate treatment and medical care to Frazier. This failure, both in official and individual capacities, includes denying medical treatment, failing to provide care in timely manners, and in denying, on 2/1/19, the lancing and draining of a painful lump on Frazier's neck. This defendant is being sued in both her official and individual capacities.

- La Juana Yates is a Registered Nurse at FCC. She has refused to see Frazier after hours, despite his desperate attempts and requests for help. She has refused to provide care for him, even after requests have been made on Frazier's behalf by housing unit officers. She has provided improper care in the form of incorrect and inappropriate wound cleaning and dressing. This defendant is being sued in both her official and individual capacities.

- Defendant Brandon Wooten is a Registered Nurse at FCC. He has falsified records showing that Frazier was given prescribed medications, when, in fact, Frazier was not given those medications as directed. Wooten has refused to provide treatment during sick calls and refused to even look at wounds when Frazier has presented himself at sick call. This defendant is being sued in both his official and individual capacities.

- Rhonda Langley is a Registered Nurse at FCC. She has failed to provide care to Frazier after hours, when new wounds have appeared and/or burst. Her refusals have caused the wounds to worsen, caused Frazier pain, and lasting harm. This defendant is being sued in both her official and individual capacities.

- Kathy Cook is a Registered Nurse at FCC. She has destroyed deliberately Frazier's sick call requests, effectively denying him care, during the COVID-19 outbreak. This defendant is being sued in both her official and individual capacities.

- Defendant Sheryl Phillips is a Registered Nurse at FCC.  She has also deliberately destroyed sick call requests, effectively denying Frazier medical care during the COVID-19 pandemic.  This defendant is being sued in <u>both</u> her offical <u>and</u> individual capacities.

- Defendant Sally Hill is a Medical Technician at FCC.  She is generally responsible for distributing prescription medication during "pill call", which occurs twice daily at FCC.  Hill has refused to distribute medication to Frazier for non-medical reasons, such as not having a button-up shirt or uniform, not hearing announcements made by housing unit officers, and, when he misplaced his identification card during repeated moves from unit to unit during the COVID-19 outbreak.  This defendant is being sued in <u>both</u> her official <u>and</u> individual capacities.

- W. Garbarini is the Head of the Pharmacy at FCC.  Frazier has been pre-scribed a weekly dosage of Humira.  This defedant has failed to maintain an adequate supply of this medication, resulting in Frazier not being able to receive his prescribed dosage on several occasions.  This defendant is being sued in <u>both</u> offical <u>and</u> individual capacities.

- H. Kapur is a Medical Doctor who has seen Frazier at FCC.  Dr. Kapur has lowered Frazier's pain medications without prior notice to Frazier.  During a chronic care visit, he did not address the increased pain that Frazier was in, and told Frazier that, since Kapur is only a "contract doctor", he could do nothing to help him.  This defendant is being sued in <u>both</u> his official <u>and</u> capacities.

The Defendants, despite their knowledge of his condition, have demonstrated a continual deliberate indifference to Frazier's plight.  Before his incarceration, Frazier's HS was managed with only minor flare ups (PSR, ECF No. 24, para. 47, p. 9). The gross mismanagement of his HS by the Defendants has caused his condition to progress to an advanced stage that now requires the care of a plastic surgeon.

Despite the formal acknowledgement of his condition by the Defendants, despite the fact that an outside dermatologist has described his care as "sub-optimal" and despite the fact that the Defendants are aware that Frazier should be under the care of a plastic surgeon, the Defendants continue to treat his advanced case of HS with a treatment plan appropriate to only a mild case of the disease.  As a result of the deliberate indifference of the Defendants and their gross failures to treat his condition, Frazier's HS has deteriorated to a point where his pain and suffering are immense.  He endures what he describes as "stabbing pain, humiliation, and depression" as a result of his condition.

As a result of the Defendants' deliberate indifference, Frazier is in constant pain.  He suffers from multiple open wounds on his neck, back, under his arms, and on his groin, all of which limits his mobility.  These wounds burst, leaking pus and blood all over his clothing, bedding, and person.  They emit a putrid odor, and cause him increasing pain upon bursting.  The wounds will then temporarily heal, only for this cycle of infection, bursting, and healing to begin again.  Despite his multiple and frequent pleas for help, despite his repeated grievances filed in accord with Prison Litigation Reform Act, despite attempts of other staff and unit officers to intercede on his behalf, and despite the Defendants' full awareness of the serious nature of his medical condition, the Defendants' callous disregard of Frazier's medical needs is more than merely negligent, but demonstrate a pattern of deliberate indifference to Frazier's pain and suffering.

## IV.  Relief

### A.    Actual Damages

Frazier asks this Court for actual damages from the Defendants, individually and severally, in the amount of $5,000,000.00, which represents the estimated projected costs for treatment of Frazier's HS over the course of his lifetime.

### B.    Punitive Damages

Frazier asks this Court for punitive damages from the Defendants, individually and severally, in the amount of $10,000,000.00.

### C.    Injunctive Relief

In addition to the actual and punitive damages sought above, Frazier asks for the following injunctive relief from this Court:

- An immediate transfer to the federal medical facility at Lexington, Kentucky.

- Establishment of an outside, independent committee to monitor and evaluate Health Services at FCC.  The exact makeup and powers of this committee to be determined by this Court.

- The mandate that Health Services staff be on duty 24/7 at FCC, and also be required to respond to inmates' emergency needs at any time; and after 9:00 pm, upon request from housing unit corrections officers.

- Require consultation with health care provider(s) prior to an inmate's medication being adjusted, changed, or cancelled.

- Require that Health Services requisition and order supplies based on actual need and usuage, and upon review of actual stock, and not be based on perceived budget.

- Mandate no more than a three month waiting period for inmates to receive examinations on-site at FCC, to include dental care, eye care, eyeglasses, prescription medications and devices, and other medical necessities.

- Mandate that in the event the on-site facility doctor and the Regional Office of the Bureau of Prisons should disagree regarding an inmate's treatment, an objective, outside, third-party be required to medicate between the two, in the interest of the inmate and his medical care.

- Mandate that Health Services staff should no longer be eligible for end-of-year bonuses based upon surplus budget funds not expended for the care of inmates during the fiscal year.  In the event that such surplus should exist, Health Services be requred to refund that surplus to the Bureau of Prisons for use at other Bureau facilities.

- Health Services be required to provide medication for purchase by inmates at Health Services, rather than at Commissary, with Health Services to debit inmate accounts for the purchase price of medications.  Health Services to be required to maintain sufficient stock of OTC medications.

## V.    Place of Present Confinement

Plaintiff is presently confined at Federal Correctional Complex Forrest City (Low Component).  Address is:

> FCC Forrest City Low
> 1400 Dale Bumpers Road
> Post Office Box 9000
> Forrest City, Arkansas 72336

## VI.   At the Time of the Incident(s):

Plaintiff was incarcerated at FCC Forrest City (Low).

## VII.  Prison Litigation Reform Act

Plaintiff has conformed to the Prison Litigation Reform Act.  He has exhausted his administrative grievance process rights.  He has appealed to all levels according to the grievance procedures, and is compliant with the PLRA.

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

## V.III. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.     For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:        November 19, 2020

Signature of Plaintiff

Printed Name of Plaintiff        John Frazier

### B.     For Attorneys

Date of signing:

Signature of Attorney

Printed Name of Attorney

Bar Number

Name of Law Firm

Street Address

State and Zip Code

Telephone Number

E-mail Address

Addendum to Amended Complaint for a Civil Case - Case Number 4:20-cv-01193-JM-JJV

Plaintiff John W. Frazier wishes to notify this Court that he is being transferred from FCC Forrest City (Low) to the Federal Medical Center at Fort Worth, Texas. His new address will be:

John W. Frazier
Register #19124-033
FMC Fort Worth
3150 Horton Road
Fort Worth, Texas 76119